UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY JOHNSON, ) | Case No. 2:14-cv-01326-JCM-NJK |
| Plaintiff(s), ) | AMENDED REPORT AND RECOMMENDATION |
| vs. ) | (Docket No. 49) |
| JAMES COX, et al., ) | |
| Defendant(s). ) | |

Currently pending before the Court is Defendants' motion to strike the Second Amended Complaint. Docket No. 49; *see also* Docket No. 40 (Second Amended Complaint). Plaintiff failed to timely respond to that motion, so the Court ordered that he do so no later than February 10, 2016. *See* Docket No. 52. To date, Plaintiff has failed to file a response. The Court finds the motion properly decided without oral argument, *see* Local Rule 78-2, and therefore **VACATES** the hearing previously set for March 7, 2016.

For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the case proceed based on the claims alleged in the amended complaint (Docket No. 5) except that the claims against Defendants James Baca and Bill Donat (previously misidentified as "Isidro Baca" and "B. Donae") be dismissed, and that the Court set a new deadline for the filing of dispositive motions. The undersigned **RECOMMENDS** that the motion to strike (Docket No. 49) be granted in part accordingly.

## I.   BACKGROUND

On December 1, 2014, United States District Judge James C. Mahan screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and determined that certain claims were sufficiently pled to proceed. Docket No. 7. Following an unsuccessful inmate early mediation conference, on March 2, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis* and ordered the amended complaint be served on Defendants. *See* Docket No. 12. On May 4, 2015, the Court entered a scheduling order requiring requests to add parties or amend the pleadings be filed no later than July 2, 2015. *See* Docket No. 16 at 1-2. On May 28, 2015, Plaintiff filed a motion to correct the name of two defendants incorrectly identified in his amended complaint. Docket No. 17. Defendants did not oppose that request. Docket No. 20 at 3-4. On July 20, 2015, the Court granted that motion and instructed Plaintiff to file a second amended complaint correcting those two names but otherwise making no changes to the amended complaint. Docket No. 21 at 1.

On August 12, 2015, Plaintiff filed a second amended complaint that did not comply with those instructions. Docket No. 23. On September 8, 2015, the Court again ordered Plaintiff to file a second amended complaint that corrected the two names at issue but otherwise made no additional changes. *See* Docket No. 30 ("Hence, the second amended complaint must be identical to the amended complaint except for the corrections to those two names. The second amended complaint must also be complete in itself, and should not refer back to any previous complaints or otherwise fail to properly plead each claim that is before the Court"). The Court further warned that the failure to comply "may result in the Court ordering the case to proceed under the previously-screened amended complaint." *Id.*

On October 16, 2015, Plaintiff filed another purported second amended complaint that failed to comply with the Court's instructions. Docket No. 36. On November 4, 2015, the Court struck that second amended complaint and provided guidance to Plaintiff on how he could comply with the Court's order:

> The Court hereby **INSTRUCTS** the Clerk's Office to mail Plaintiff a copy of his first amended complaint (Docket No. 5). Plaintiff is instructed to write on the first page of that document the words "Second Amended Complaint," and to change the names of

2

the two relevant defendants throughout that document. Plaintiff shall otherwise make no changes to the document. Plaintiff shall then file the Second Amended Complaint no later than December 4, 2015.

Docket No. 39 at 1. The Court again warned Plaintiff of the consequences for non-compliance: "This is Plaintiff's final chance to comply. The failure to comply with this order will result in the case moving forward based on the first amended complaint." *Id.*

On December 1, 2015, Plaintiff filed another second amended complaint. Docket No. 40. This filing prompted Defendants to file a motion to strike that second amended complaint for failing to adhere to the Court's instructions. Docket No. 49. That is the motion currently before the Court.

## II.   STANDARDS AND ANALYSIS

When a party fails to comply with instructions regarding amendment to his complaint, the Court has discretion to allow the case to proceed based on only those claims in a previous complaint that had been found to have been properly pled. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, *3-4 (D. Nev. July 28, 2014) (in light of repeated violations of Rule 8, striking ill-pled amended complaint and ordering case to proceed based on claim identified in previous order as properly pled).[1] While that result may be a harsh one, it is necessary when other alternatives are not available to enable the case to move forward. *See id.* at 4.

In this instance, the Court has provided Plaintiff with several opportunities to file a second amended complaint to reflect the Court's order granting his motion to change the names of two Defendants misidentified in the amended complaint. Docket Nos. 21, 30, 39. The Court has been especially lenient in light of Plaintiff's status as a *pro se* prisoner bringing civil rights claims. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). The Court went so far as to outline for

---

[1] The crux of Defendants' motion is that Plaintiff's Second Amended Complaint should be stricken. Defendants also request that the entire case be dismissed based on Plaintiff's inability to comply with the Court's orders. *See* Docket No. 49 at 7. Defendants fail to meaningfully develop this request and the Court deems it waived. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Moreover, there is a less drastic alternative available to outright dismissal in this instance by allowing the case to proceed based on the amended complaint that was already screened and simply dismissing the claims against the misidentified defendants from this case.

3

1  Plaintiff the steps he could take to ensure compliance; namely, the Court instructed the Clerk's Office
2  to mail him a copy of the amended complaint, and instructed Plaintiff to change the names of the two
3  misidentified Defendants on that document, change the name of the document to "Second Amended
4  Complaint," and then file that document on the docket as his second amended complaint. *See* Docket
5  No. 39 at 1. The Court has also on several occasions cautioned Plaintiff that his failure to comply with
6  the Court's orders on this issue could result in the case moving forward based on the claims alleged in
7  the previously-screened amended complaint. *See id.*; *see also* Docket No. 30. Notwithstanding these
8  instructions and warnings, and providing Plaintiff three chances to comply, Plaintiff has been unable or
9  unwilling to do so. In Plaintiff's most recent attempt, certain aspects of that pleading are similar to the
10 amended complaint, but Plaintiff has also made significant changes to his allegations. *See* Docket No.
11 49 at 5-7 (outlining differences in the documents).

12     In light of the circumstances,[2] this case should proceed based the claims in the amended
13 complaint that were deemed sufficiently pled to survive screening but dismissing the claims against the
14 misidentified Defendants.

---

[2] Plaintiff's inability to comply with these orders has also significantly delayed resolution of this case. The deadline to file dispositive motions was set for September 1, 2015. Docket No. 16 at 3. Given that the pleadings have not been settled, however, the Court has had to extend that deadline on several occasions. Docket Nos. 39, 51.

## III. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the case proceed based on the claims alleged in the amended complaint (Docket No. 5) except that the claims against Defendants James Baca and Bill Donat (previously misidentified as "Isidro Baca" and "B. Donae") be dismissed, and that the Court set a new deadline for the filing of dispositive motions. The undersigned **RECOMMENDS** that the motion to strike (Docket No. 49) be granted in part accordingly. The Court further **VACATES** the hearing previously set for March 7, 2016.

IT IS SO ORDERED.

DATED: February 29, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).