UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDY JOHNSON,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>JAMES COX, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:14-CV-1326 JCM (NJK)<br><br>ORDER |

Presently before the court are Magistrate Judge Koppe's amended report and recommendation that defendants' motion to strike the amended compliant be granted in part. (ECF No. 56). *Pro se* plaintiff Randy Johnson filed an objection (ECF No. 65), and defendants filed a response to the objection. (ECF No. 66).

**I.　　Background**

On August 12, 2015, plaintiff filed a second amended complaint that did not comply with instructions provided by the court. (ECF No. 23). The court again ordered plaintiff to file a second amended complaint that corrected the names of two defendants but to make no additional changes. (*See*　ECF No. 30) ("Hence, the second amended complaint must be identical to the amended complaint except for the corrections to those two names. The second amended complaint must also be complete in itself, and should not refer back to any previous complaints or otherwise fail to properly plead each claim that is before the court"). The court further warned that the failure to comply "may result in the Court ordering the case to proceed under the previously-screened amended complaint." *Id.*

Thereafter, plaintiff filed another purported second amended complaint that again failed to comply with the court's instructions. (ECF No. 36). The court once again struck that second

**James C. Mahan**
**U.S. District Judge**

amended complaint and provided guidance to plaintiff on how he could comply with the court's order: "The Court hereby INSTRUCTS the Clerk's Office to mail Plaintiff a copy of his first amended complaint. (Docket No. 5). Plaintiff is instructed to write on the first page of that document the words "Second Amended Complaint," and to change the names of the two relevant defendants throughout that document. Plaintiff shall otherwise make no changes to the document. Plaintiff shall then file the Second Amended Complaint no later than December 4, 2015". (ECF No. 39 at 1). The court again warned plaintiff of the consequences for non-compliance: "This is Plaintiff's final chance to comply. The failure to comply with this order will result in the case moving forward based on the first amended complaint." *Id*.

Plaintiff filed another second amended complaint. (ECF No. 40). This filing prompted defendants to file a motion to strike that second amended complaint for failing to adhere to the court's instructions. (ECF No. 49). That is the motion currently before the court.

**II.     Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."   28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**III.    Discussion**

In her report and recommendation, Magistrate Judge Koppe found that this case should proceed based the claims in the amended complaint that were deemed sufficiently pled to survive screening but dismiss the claims against the misidentified defendants. (ECF No. 56). Plaintiff's objection states that he did not understand the full meaning of the court's instructions. (ECF No. 66). Furthermore, plaintiff claims that because of his *pro se* status and time spent in administrative segregation, adoption of the report would be unduly prejudicial. (*Id.*) In their response, defendants urge the court to adopt the magistrate judge's recommendation. (ECF No. 66).

**James C. Mahan**
**U.S. District Judge**

1    The court agrees with Magistrate Judge Koppe's thorough analysis of the issues put forth in defendants' motion to strike plaintiff's second amended complaint. The court provided plaintiff three chances to comply with court orders and went so far as to outline the steps plaintiff could take to ensure compliance. Plaintiff was unable or unwilling to do so. As the magistrate judge noted, in plaintiff's most recent attempt, certain aspects of that pleading are similar to the amended complaint, but plaintiff also made significant changes to his allegations. (ECF No. 40). Therefore, after reviewing Magistrate Judge Koppe's report, plaintiff's objections, the defendants' responses, and the underlying briefs de novo, the court adopts the report and recommendation in full.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the report and recommendation of Magistrate Judge Koppe, (ECF No. 56), are ADOPTED in their entirety.

IT IS FURTHER ORDERED that that the case proceed based on the claims alleged in the amended complaint (ECF No. 5) except that the claims against defendants James Baca and Bill Donat (previously misidentified as "Isidro Baca" and "B. Donae") be dismissed.

IT IS FURTHER ORDERED that defendants' motion to strike (ECF No. 49) is GRANTED in part, consistent with the foregoing.

DATED August 2, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**