UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDY JOHNSON, | Case No. 2:14-CV-1326 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JAMES COX, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Randy Johnson's ("plaintiff") motion for preliminary injunction and prospective relief. (ECF. No. 57). Defendants James Cox, Minor Adams, Sheryl Foster, Brian Williams, Jo Gentry, Johnny Youngblood, Brian Henley, Jennifer Nash, Dwight Neven, Isidro Baca, Richard Snyder, James Stogner, Jason Yelle, Francis Dreesen, Julio Calderin, Wes Mattice and Gregory Smith (collectively, as "defendants") have filed a response. (ECF No. 62). Plaintiff has not filed a reply and the time to do so has passed.

**I.     Facts**

Plaintiff is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff's complaint alleges numerous civil rights claims pursuant to 42 U.S.C. § 1983 against multiple defendants for events that took place while plaintiff was incarcerated at the Southern Desert Correctional Center, Warm Springs Correctional Center, and High Desert State Prison. (ECF No. 5).

In the instant motion, plaintiff seeks monetary sanctions against defendant Williams and three non-parties to the suit—correctional officer R. Arnold, law librarian Rashonda Smith, and an unidentified mailroom worker. (ECF No. 57).

**James C. Mahan**
**U.S. District Judge**

**II.     Legal Standard**

Under the Prison Litigation Reform Act, the court may enter an order for preliminary injunctive relief in any civil action with respect to prison conditions to the extent otherwise authorized by law. 18 U.S.C. § 3626(a)(2). A preliminary injunction seeks to preserve the status quo of a case and to prevent irreparable harm from occurring before a judgment is issued. *Textile Unlimited Inc. v. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).

"Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976). The Supreme Court has instructed that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive; the party seeking the injunction carries the burden of persuasion with regard to each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotation marks omitted).

**III.    Discussion**

In his motion, plaintiff requests that monetary sanctions be imposed based on the following allegations: that the mailroom worker stole a money order his mother sent in the mail; that defendant Williams was informed of this theft; that correctional officer Arnold ordered defendant's cellmate to "roll up" his property, causing the loss of his property; and that librarian Smith failed

**James C. Mahan**
**U.S. District Judge**

- 2 -

to provide him with legal copies in a timely manner.  (ECF No. 57).  Plaintiff argues that these allegations caused him to miss numerous filing deadlines in the instant action.  (ECF No. 57).

Even assuming, *arguendo*, that a request for monetary sanctions is appropriate under the instant motion, plaintiff's allegations are insufficient to meet the requisite burden for a preliminary injunction.  While these alleged events may have been a factor in plaintiff missing filing deadlines, plaintiff fails to show or even allege a likelihood of success had he been able to meet the deadlines.  Accordingly, the court will deny plaintiff's motion for preliminary injunction and prospective relief.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for preliminary injunction and prospective relief (ECF No. 57) be, and the same hereby is, DENIED.

DATED August 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -