1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RANDY JOHNSON,

                              Plaintiff(s),

        v.

JAMES COX, et al.,

                              Defendant(s).

Case No. 2:14-CV-1326 JCM (NJK)

ORDER

Presently before the court is a motion for summary judgment filed by defendants Minor Adams, J. Calderon, James Cox, Francis Dreesen, Sheryl Foster, Jo Gentry, Brian Henley, Wes Mattice, Jennifer Nash, Dwight Nevins, Greg Smith, Richard Snyder, James Stogner, Brian Williams, Jason Yelle, and Johnny Youngblood.  (ECF No. 70).  Plaintiff Randy Johnson has not filed a response, and the period to do so has since passed.

**I.      Facts**

Plaintiff is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC").  Plaintiff alleges that he is a declared member of Islam.  (ECF No. 5 at 6).  Plaintiff's complaint alleges numerous civil rights claims pursuant to 42 U.S.C. § 1983 against multiple defendants for events that took place while plaintiff was incarcerated at the Southern Desert Correctional Center, Warm Springs Correctional Center, and High Desert State Prison.  (ECF No. 5).

On December 1, 2014, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and determined that the following claims were sufficiently pleaded to proceed: (I) free exercise clause and equal protection clause violations against Snyder and Smith; (II) & (III) retaliation against Henley and Smith; (IV) free exercise clause and equal protection violations

1   against Cox, Smith, Mattic, Williams, Nevens, Nash, Dreesen, Gentry, Stogner, Snyder, Calderon,

2   and Youngblood; (V) free exercise clause violations against Cox, Williams, Nevens, Gentry, Nash,

3   Smith, Mattic, Snyder, Calderon, Stogner, Adams, Baca, Donae, and Youngblood; (VI) retaliation

4   and free exercise clause violations against Snyder and Smith; (VII) free exercise clause and equal

5   protection violations against Nevens, Nash, and Calderon; (VIII) retaliation and free exercise

6   clause violations against Smith, Mattice, and Snyder; (IX) retaliation, free exercise clause, and

7   Religious Land Use and Institutionalized Persons Act ("RLUIPA") violations against Yelle,

8   Williams, Gentry, Adams, and Foster; and (X) retaliation, free exercise clause and RLUIPA

9   violations against Snyder, Mattice, and Smith.  (ECF No. 7).[1]

10   In the instant motion, defendants move for summary judgment in their favor, arguing that

11   plaintiff failed to exhaust his administrative remedies and cannot establish a genuine issue of

12   material fact as to his alleged claims.  (ECF No. 70).

13   **II.    Legal Standard**

14   The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

15   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

16   show that "there is no genuine dispute as to any material fact and the movant is entitled to a

17   judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is

18   "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

19   323–24 (1986).

20   For purposes of summary judgment, disputed factual issues should be construed in favor

21   of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be

22   entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts

23   showing that there is a genuine issue for trial."  *Id.*

24   In determining summary judgment, a court applies a burden-shifting analysis.  The moving

25   party must first satisfy its initial burden.  "When the party moving for summary judgment would

26   bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

27

28   [1] Defendants James Baca and Bill Donat (previously misidentified as "Isidro Baca" and "B. Donae") were later dismissed.  (ECF No. 67).

**James C. Mahan**
**U.S. District Judge**

1   directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has

2   the initial burden of establishing the absence of a genuine issue of fact on each issue material to

3   its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

4   (citations omitted).

5        By contrast, when the nonmoving party bears the burden of proving the claim or defense,

6   the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

7   element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed

8   to make a showing sufficient to establish an element essential to that party's case on which that

9   party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving

10  party fails to meet its initial burden, summary judgment must be denied and the court need not

11  consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–

12  60 (1970).

13       If the moving party satisfies its initial burden, the burden then shifts to the opposing party

14  to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

15  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

16  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

17  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

18  versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

19  631 (9th Cir. 1987).

20       In other words, the nonmoving party cannot avoid summary judgment by relying solely on

21  conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040,

22  1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the

23  pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

24  for trial.  *See Celotex*, 477 U.S. at 324.

25  At summary judgment, a court's function is not to weigh the evidence and determine the truth, but

26  to determine whether there is a genuine issue for trial.  *See Anderson v. Liberty Lobby*, *Inc.*, 477

27  U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all justifiable

28  inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the nonmoving party is

**James C. Mahan**
**U.S. District Judge**

1    merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at

2    249–50.

3        Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any

4    motion constitutes the party's consent to the granting of the motion and is proper grounds for

5    dismissal.  LR 7-2(d).  A court cannot, however, grant a summary judgment motion merely because

6    it is unopposed, even where its local rules might permit it.  *Henry v. Gill Indus., Inc.*, 983 F.2d

7    943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a

8    district court cannot grant a motion for summary judgment based merely on the fact that the

9    opposing party failed to file an opposition).

10        Even without an opposition, the court must apply standards consistent with Federal Rule

11    of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no

12    genuine issue of material fact and judgment is appropriate as a matter of law.  *Henry*, 983 F.2d at

13    950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D.

14    Wash. 2009).[1]

15    **III.**      **Discussion**

16        As an initial matter, the court acknowledges that plaintiff's amended complaint was filed

17    *pro se* and is therefore held to less stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

18    ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

19    pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

20    (internal quotation marks and citation omitted).  *Pro se* pleadings must be liberally construed,

21    especially where civil rights claims are involved.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri*

22    *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  However, "*pro se* litigants in an

23    ordinary civil case should not be treated more favorably than parties with attorneys of record."

24    *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

25

26

27

28

---

[1] "[S]ummary judgment cannot be granted by default, even if there is a complete failure to respond to the motion."  Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e).  The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).

**James C. Mahan**
**U.S. District Judge**

1    In the instant motion, defendants argue that summary judgment is proper because plaintiff

2  failed to exhaust his administrative remedies.  (ECF No. 70).  In particular, defendants argue that

3  plaintiff failed to seek a second level grievance for six grievances.  (ECF No. 70 at 13).

4    Pursuant to the PLRA, inmates must exhaust all available administrative remedies prior to

5  filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983.

6  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also* 42 U.S.C. § 1997e(a) ("No action shall be

7  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

8  a prisoner confined in any jail, prison, or other correctional facility until such administrative

9  remedies as are available are exhausted.").  In *Woodford*, the United States Supreme Court held

10  that the PLRA requires "proper" exhaustion of administrative remedies.  548 U.S. at 93.

11    "An inmate is required to exhaust only *available* remedies."  *Albino v. Baca*, 747 F.3d

12  1162, 1171 (9th Cir. 2014) (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001); *Brown v. Valoff*,

13  422 F.3d 926, 936–37 (9th Cir. 2005)).  "To be available, a remedy must be available 'as a practical

14  matter'; it must be 'capable of use; at hand.'"  *Id.* (citation omitted).  While the exhaustion

15  requirement is mandatory regardless of the relief sought, the available remedies need not be "plain,

16  speedy, and effective."  *See Booth*, 532 U.S. at 741.

17    "Proper exhaustion demands compliance with an agency's deadlines and other critical

18  procedural rules."  *Woodford*, 548 U.S. at 90.  In Nevada, an inmate satisfies the administrative

19  exhaustion requirement by following the procedures set forth in NDOC Administrative Regulation

20  ("AR") 740, which governs the inmate grievance process.  This regulation expressly mandates that

21  inmates "shall file an informal grievance" within six months "if the issue involves personal

22  property damage or loss, personal injury, medical claims or any other tort claims, including civil

23  rights claims."  It further warns that "[f]ailure by the inmate to submit a proper Informal Grievance

24  form" within this time frame "shall constitute abandonment" of the inmate's right to pursue

25  resolution of that claim at any level of the inmate grievance procedure.  Thus, an inmate in the

26  custody of the NDOC, who fails to timely file a proper informal grievance, has abandoned his right

27  to pursue resolution of any such claims through the inmate grievance procedure.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   Under AR 740, the inmate grievance process consists of three levels: (1) informal level,

2   generally decided by an inmate's caseworker; (2) first level, generally decided by the warden; and

3   (3) second level, generally decided by a deputy director, the offender management administrator,

4   or the medical director.  To proceed to the next grievance level, an inmate must file an appeal

5   within five (5) days of receiving the response.  Further, failure to timely file a grievance form or

6   an appeal constitutes abandonment of the inmate's right to pursue resolution of that claim through

7   the inmate grievance process.

8   Non-exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense, for which the

9   defendant bears the ultimate burden of proof.  *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, (2007); *Wyatt*

10   *v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  More specifically, "the defendant's burden is to

11   prove that there was an available administrative remedy, and that the prisoner did not exhaust that

12   available remedy."  *Albino*, 747 F.3d at 1172.  Thereafter, the burden shifts to the prisoner to set

13   forth evidence showing that "there is something in his particular case that made the existing and

14   generally available administrative remedies effectively unavailable to him."  *Id.*

15   Defendants have shown that administrative remedies were available to plaintiff and that

16   plaintiff failed to exhaust those available remedies.  (ECF No. 70).  After receiving unfavorable

17   responses to his first level grievances, plaintiff never filed second level grievances.  There are no

18   allegations that defendants precluded plaintiff from filing second level grievances or that plaintiff

19   did not have access to the forms needed to file second level grievances.

20   In light of the foregoing, the court will grant defendants' motion for summary judgment.

21   **IV.    Conclusion**

22   Accordingly,

23   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for

24   summary judgment (ECF No. 70) be, and the same hereby is, GRANTED.

25   The clerk shall enter judgment accordingly and close the case.

26   DATED March 22, 2017.

27

_____
UNITED STATES DISTRICT JUDGE

28

**James C. Mahan**
**U.S. District Judge**

- 6 -