UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RANDY JOHNSON, | Case No. 2:14-CV-1326 JCM (NJK) |
| --- | --- |
| Plaintiff(s), | ORDER |
| v. | |
| JAMES COX, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff's motion for reconsideration. (ECF No. 73). Defendants Minor Adams, J. Calderon, James Cox, Francis Dreesen, Sheryl Foster, Jo Gentry, Brian Henley, Wes Mattice, Jennifer Nash, Dwight Nevins, Greg Smith, Richard Snyder, James Stogner, Brian Williams, Jason Yelle, and Johnny Youngblood filed a response. (ECF No. 76). Plaintiff Randy Johnson has not filed a reply, and the period to do so has since passed.

Also before the court are plaintiff's motion to strike (ECF No. 74) and motion to receive docket sheet (ECF No. 75).

**I.   Facts**

Plaintiff is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff alleges that he is a declared member of Islam. (ECF No. 5 at 6). Plaintiff's complaint alleges numerous civil rights claims pursuant to 42 U.S.C. § 1983 against multiple defendants for events that took place while plaintiff was incarcerated at the Southern Desert Correctional Center, Warm Springs Correctional Center, and High Desert State Prison. (ECF No. 5).

On December 1, 2014, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and determined that the following claims were sufficiently pleaded to proceed: (I)

**James C. Mahan
U.S. District Judge**

free exercise clause and equal protection clause violations against Snyder and Smith; (II) & (III) retaliation against Henley and Smith; (IV) free exercise clause and equal protection violations against Cox, Smith, Mattic, Williams, Nevens, Nash, Dreesen, Gentry, Stogner, Snyder, Calderon, and Youngblood; (V) free exercise clause violations against Cox, Williams, Nevens, Gentry, Nash, Smith, Mattic, Snyder, Calderon, Stogner, Adams, Baca, Donae, and Youngblood; (VI) retaliation and free exercise clause violations against Snyder and Smith; (VII) free exercise clause and equal protection violations against Nevens, Nash, and Calderon; (VIII) retaliation and free exercise clause violations against Smith, Mattice, and Snyder; (IX) retaliation, free exercise clause, and Religious Land Use and Institutionalized Persons Act ("RLUIPA") violations against Yelle, Williams, Gentry, Adams, and Foster; and (X) retaliation, free exercise clause and RLUIPA violations against Snyder, Mattice, and Smith. (ECF No. 7).[1]

On March 22, 2017, the court granted defendants' motion for summary judgment (ECF No. 70), dismissing plaintiff's claims for failure to exhaust his administrative remedies. (ECF No. 71).

In the instant motion, plaintiff moves for reconsideration of the court's March 22nd order. (ECF No. 73).

**II.    Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

---

[1] Defendants James Baca and Bill Donat (previously misidentified as "Isidro Baca" and "B. Donae") were later dismissed. (ECF No. 67).

conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

**III. Discussion**

Plaintiff sets forth five reasons for reconsideration: (1) he has not received a "Klingele notice"; (2) he has not received a docket sheet of his case; (3) he requested trial by jury; (4) defendants lied about numerous facts; and (5) he is still suffering retaliation. (ECF No. 73 at 2–3).

The court finds that plaintiff has failed to show that reconsideration is warranted. Specifically, plaintiff has not presented any newly discovered evidence, shown any clear error, or any intervening change in controlling law. *See School Dist. No. 1J*, 5 F.3d at 1263.

Despite plaintiff's assertions to the contrary, he received notice regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland*. (*See* ECF No. 33). Although plaintiff requested a jury trial, he must show the existence of factual disputes so as to warrant trial on the merits. Further, while plaintiff asserts that defendants lied about numerous facts, he fails to provide any further details as to which facts.

In light of the foregoing, the court will deny plaintiff's motion for reconsideration. The court will, however, grant plaintiff's motion to receive docket sheet (ECF No. 75).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 73) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to strike (ECF No. 74) be, and the same hereby is, DENIED as moot.

James C. Mahan
U.S. District Judge

- 3 -

IT IS FURTHER ORDERED that plaintiff's motion to receive docket sheet (ECF No. 75) be, and the same hereby is, GRANTED. The clerk shall send plaintiff a copy of the docket sheet.

DATED June 20, 2017.

_____
UNITED STATES DISTRICT JUDGE